# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MATTHEW PETER GUYTON,<br>       Plaintiff,<br><br>       v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>       Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:18-CV-242-JEM<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Matthew Peter Guyton on June 25, 2018, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], filed December 26, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 25, 2019, the Commissioner filed a response, and on March 14, 2019, Plaintiff filed a reply.

**I.    Background**

On March 28, 2014, Plaintiff filed an application for benefits alleging that he became disabled on December 31, 2010. Plaintiff's application was denied initially and upon reconsideration. On November 21, 2016, Administrative Law Judge ("ALJ") Deborah E. Ellis held a video hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On March 29, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since March 28,

> 2014, the application date.
>
> 2. The claimant has the following severe impairments: osteoarthritis, degenerative disc disease, depression, and bipolar disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.
>
> 4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(c) except that he could stand and walk for two hours in an eight-hour workday. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally interact with the general public. The claimant can engage in simple, routine work as to understanding and carrying out instructions.
>
> 5. The claimant is unable to perform any past relevant work.
>
> 6. The claimant was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed and subsequently changed age category to closely approaching advanced age.
>
> 7. The claimant has a limited education and is able to communicate in English.
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 28, 2014, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow

3

the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the opinion of Plaintiff's treating physicians, failed to support the RFC with substantial evidence, and applied a legally insufficient analysis of Plaintiff's subjective symptoms. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred analyzing the opinions of his treating physicians. Plaintiff's treating cardiologist gave an opinion on Plaintiff's symptoms and limitations. The ALJ gave the opinion "little weight," since "such severe limitations to functioning are not supported by the record," and she identified some abilities that Plaintiff maintained. The ALJ did not identify the physician's specialty or the length of the treating relationship.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*,

4

496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

In this case, the ALJ mentioned a list of apparently normal aspects to Plaintiff's functioning, but did not address numerous medical records demonstrating Plaintiff's limitations or explain how some areas of physical ability mean that none of the treating cardiologist's opinions are reliable. Rather than give weight to the treating cardiologist, the ALJ gave "great weight" to the opinion of a non-examining consultant who she admitted did not even have a full record to review. ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [him]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572–73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"). In addition, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018)

5

(citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)); *see also Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) (citing *Goins,* 764 F.3d at 680; *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014); *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000)) (holding that the ALJ's error in interpreting MRI results could have been avoided by seeking an updated medical opinion).

The ALJ also discounted the opinion of Plaintiff's treating psychiatrist, again without identifying her specialty or the length of the treating relationship, and again without identifying the consistency of the opinion with the record as a whole. In the case of Plaintiff's mental health related limitations, however, the ALJ did not identify *any* physician, not even a consultant, whose opinion she gave weight, leaving the Court unable to ascertain the medical evidence that formed the basis of the ALJ's opinion on the job-related limitations resulting from Plaintiff's documented mental health difficulties. The Seventh Circuit Court of Appeals has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno*, 882 F.3d at 729 (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Wilder v. Chater* , 64 F.3d 335, 337 (7th Cir. 1995) (explaining that "health professionals, in particular psychiatrists, not lawyers or judges, are the experts" on mental illness); *see also Punzio*, 630 F.3d at 710 ("[A] plaintiff who suffers from mental illness will have better days and worse days, so a snapshot of any single moment says little").

Also adding to the Court's concern that the ALJ substituted her own medical judgment for those of physicians is her failure to account for Plaintiff's use of an ambulatory device. The ALJ noted that Plaintiff frequently used a cane and mentioned numerous physician reports of cane use, but did not incorporate the need for an assistive device in the RFC, without explanation. Although Plaintiff may not need to use an assistive device at all times, the ALJ completely disregarded his use of a cane, repeatedly mentioned throughout the record, apparently on the basis of her own

6

medical judgment, and did not include even occasional use of an assistive device in the RFC. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (warning that ALJs should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong") (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

The ALJ also emphasized Plaintiff's smoking and use of alcohol as reasons to disbelieve his testimony about his limitations. However, the Seventh Circuit Court of Appeals recognizes "the addictive nature of smoking," *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000), and has noted that mental health issues "can precipitate substance abuse, for example as a means by which the sufferer tries to alleviate [his] symptoms." *Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006) (citing peer-reviewed psychiatric journal articles). On remand, the ALJ is reminded of the need to apply the correct standard for reviewing Plaintiff's subjective impairments. *See, e.g.*, *Dunbar v. Berryhill*, No. 17 C 6278, 2018 WL 4095094, at *3 (N.D. Ill. Aug. 28, 2018) ("[Plaintiff]'s claim, however, is that the ALJ applied an incorrect legal standard. That precludes the Commissioner's position because courts give no deference to decisions based on the wrong standard."); *see also Dominguese v. Massanari*, 172 F. Supp. 2d 1087, 1094–95 (E.D. Wis. 2001) ("[I]f the ALJ commits an error of law such as incorrectly applying legal standards, reversal is required without regard to the volume of evidence in support of the factual findings.").

The ALJ erred in his analysis of Plaintiff's treating physician and failed to draw a logical bridge from the evidence to his conclusions, errors that must be corrected on remand. *See Myles*, 582 F.3d at 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ is also reminded to fully

incorporate any difficulties in concentration, persistence and pace into the RFC and in any hypotheticals to the VE. In particular, the ALJ is reminded that a limitation to simple work and limited interaction with the public does not, by itself, account for a claimant's difficulties in focus and concentration, or his ability to perform those tasks consistently in a work environment. *See Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limitation to unskilled work did not account for limitations in concentration, pace, and mood swings).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 29th day of August, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record